HAROLD B. SUMMONS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Summons v. Commissioner
Docket Nos. 5561-75, 10334-75.[1]
United States Tax Court
T.C. Memo 1977-234; 1977 Tax Ct. Memo LEXIS 210; 36 T.C.M. (CCH) 967; T.C.M. (RIA) 770234; July 25, 1977, Filed Harold B. Summons, pro se. Thomas M. Ingoldsby, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: *211 Year
Deficiency
1973
$1,624.97
1974
$1,803.00
The issues for decision are: [2]
1. Whether petitioner is entitled to compute his income tax liability for 1973 and 1974 by multiplying his taxable income by 0.5 percent. 2. Whether petitioner is entitled to use head of household rates in computing his income tax liability for 1973. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. At the time petitioner filed his petition herein, he resided in Colorado. On his 1973 income tax return petitioner claimed head of household status and computed his income tax liability by multiplying his taxable income by 0.5 percent. On his 1974 income tax return petitioner again computed his income tax liability by multiplying his *212 taxable income by 0.5 percent. Respondent in his statutory notices of deficiency determined that petitioner was not entitled to claim head of household status and recomputed petitioner's income tax liability for 1973 and 1974 using "Tax-Rate Schedule X" [3] for unmarried individuals. OPINION The first issue for decision is whether petitioner is entitled to compute his income tax liability for 1973 and 1974 by multiplying his taxable income by 0.5 percent. Petitioner argues that, because several high income taxpayers pay an effective tax rate of only 0.5 percent, he also is entitled to use a rate of 0.5 percent in computing his tax liability. We disagree. All taxpayers, including high income taxpayers, must compute their tax liability using one of the tax rate schedules provided for by sections 1 and 3. [4] Petitioner is not entitled to compute his tax liability for 1973 and 1974 by multiplying his taxable income by 0.5 percent. *213 The other issue for decision is whether petitioner is entitled to use head of household rates in computing his income tax liability for 1973. To use these rates petitioner must show that he meets the requirements of section 2(b). [5] Since petitioner offered no evidence on this question we must conclude that he did not qualify as a head of household under section 2(b) and was not entitled to use the rates applicable to heads of households in computing his income tax liability for 1973. *214 Decisions will be entered for the respondent. Footnotes
1. These cases were consolidated for trial, briefing and opinion.↩
2. Petitioner cites several examples of alleged acts of discrimination and injustice perpetrated upon him by the Federal government and requests that we make amends for these acts by finding in his favor. However, none of the alleged acts of discrimination are relevant to the issue of petitioner's tax liability for 1973 and 1974 and we therefore cannot consider these assertions in our decision herein.↩
3. "Tax-Rate Schedule X" is a tax table established in accordance with section 3 of the Internal Revenue Code of 1954↩.
4. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
5. Section 2(b) provides: (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩